

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

AB/EG:RJN/MT
F.#2009R00195

271 Cadman Plaza East
Brooklyn, New York  11201

June 1, 2011

**Via ECF**

The Honorable Sandra L. Townes
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

       Re:  United States v. James Bombino et al.
             Criminal Docket No. 10-0147 (S-1)(SLT)

Dear Judge Townes:

       The government respectfully submits this letter, as directed by the Court at the May 27, 2011 oral argument on the defendants' motions in response to the suggestion by the defendant Theodore Persico, Jr.'s attorney in United States v. Andrew Russo, et al., 11-0030 (KAM) ("Russo"), Jonathan Marks, Esq., that Persico, Jr. may seek to consolidate the charges against him in Russo with the charges pending in this case. The government takes no position on Persico, Jr.'s proposed consolidation.[1]

       The government further addresses the issue of severance with respect to Persico, Jr. that was raised at oral argument. The government respectfully submits that severance is not appropriate regardless of whether the Court accepts consolidation of the charges pending against Persico, Jr. in the Russo case or, even without consolidation, grants the government's motion to disqualify Joseph R. Corozzo, Esq. and his law firm from representing Persico, Jr. based on a conflict of interest.  As this Court recognized in denying the severance motions of the

---

       [1]    By way of background, in Russo, Persico Jr. is charged with extortionate extension and collection of credit and extortionate extension and collection of credit conspiracy, all based on a common set of facts ("the Russo charges"). The Russo charges are similar in nature to the charges in the above-captioned matter and would not significantly lengthen the government's case at trial against Persico, Jr.

defendants Alicia Dimichele, Anthony Preza, Thomas Petrizzo, Louis Romeo and Michael D. Sciaretta, under Zafiro v. United States, 506 U.S. 534, 539 (1993), and its progeny, "joint trials are favored in the federal courts and should be held unless there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." United States v. Bellomo, 263 F. Supp. 2d 561 (E.D.N.Y. 2003) (quoting Zafiro, 560 U.S. at 538-39).  In setting forth the rationale for this preference, the Supreme Court has stated:

> It would impair both the efficiency and the fairness of the criminal justice system to require . . . that prosecutors bring separate proceedings, presenting the same evidence again and again, requiring victims and witnesses to repeat the inconvenience (and sometimes trauma) of testifying, and randomly favoring the last-tried defendants who have the advantage of knowing the prosecution's case beforehand.  Joint trials generally serve the interest of justice by avoiding inconsistent verdicts and enabling more accurate assessment of relative culpability – advantages which sometimes operate to the defendant's benefit.  Even apart from these tactical considerations, joint trials generally serve the interest of justice by avoiding the scandal and inequity of inconsistent verdicts.

Richardson v. Marsh, 481 U.S. 200, 210 (1987).  These very impairments to efficiency and fairness would necessarily result from the severance and separate trial of the charges against Persico, Jr.

If Persico, Jr. were tried separately from his co-defendants, the government would be required to present nearly all of the same evidence in two separate, duplicative proceedings.  Persico, Jr., who is alleged to have been a high-ranking member of the Colombo crime family at the time of his arrest in this case, is charged in the RICO conspiracy count (Count One) together with three of his co-defendants.  Persico, Jr. is also charged together with at least one of his co-defendants in four of five predicate racketeering acts.[2]  In

---

[2]  Persico, Jr. is charged together with Edward Garofalo, Jr. in Racketeering Act Three (Conspiracy/Extortion – Columbus Construction); with Garofalo, Jr. and Michael Persico in Racketeering Act Four (Conspiracy/Attempted Extortion – John Doe #2); with Michael Persico in Racketeering Act Six (Extortionate

2

addition, Persico, Jr. is charged together with the defendant Michael Persico in Counts Six and Seven, and with the defendants Michael Sciaretta, Michael Persico, Thomas Petrizzo and Louis Romeo in Count Nine.  Because the proof will be substantially the same, severance of the charges against Persico, Jr. would effectively double the cost of presenting the government's proof at trial.  Indeed, severance would require the government to present nearly all of its evidence twice, first in the trial against Persico, Jr's co-defendants and then again in the trial against Persico, Jr.  This would impose substantial unnecessary cost on the government and would also unfairly permit Persico, Jr. to preview the evidence against him.

In this case, the cost of preparing and transporting witnesses for trial is of particular concern.  As anticipated by the Supreme Court in <u>Richardson</u>, severance of the charges against Persico, Jr. in this case would require many of the same witnesses to prepare for trial and testify twice.  The duplication of testimony in this case would result in significant additional costs because several of the government's anticipated trial witnesses are currently under the protection of the U.S. Marshals Service.

<u>Conclusion</u>

For the reasons stated above, the government respectfully submits that a joint trial best serves the interests of justice and preserves judicial resources, regardless of whether the Court accepts defense counsel's proposal to

---

Extension of Credit – All Around Trucking); and with Michael Persico and Thomas Petrizzo in Racketeering Act Seven (Wire Fraud and Commercial Bribery – Testa Corporation).

consolidate the charges against Persico, Jr. or disqualifies Persico, Jr.'s lawyer on other grounds.

                                      Respectfully submitted,

                                      LORETTA E. LYNCH
                                      United States Attorney

                    By:        /s/
                                      Amy Busa
                                      Rachel Nash
                                      Michael Tremonte
                                      Assistant U.S. Attorney
                                      (718) 254-6274 / 6072 / 6389

cc:   All Counsel of Record (via ECF)