# THE LAW OFFICE OF ELIZABETH E. MACEDONIO

------------------------------------------------------------ ATTORNEY AT LAW ------------------------------------------------------------

42-40 BELL BOULEVARD
SUITE 302
BAYSIDE, NEW YORK 11361

TELEPHONE: (718) 279-3770
FAX: (718) 281-0850
Email: emacedonio@yahoo.com

May 10, 2012

**Filed Electronically**

The Honorable Sandra L. Townes
United States District Court Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

           Re: United States v. Persico, et al.
                10 Cr. 147 (S-4) (SLT)

Dear Judge Townes:

      We represent Theodore Persico, Jr., in the above-referenced matter and write to request reconsideration and/or clarification of this Court's ruling from the bench yesterday.

      At the conclusion of yesterday's hearing, the Government mentioned the fact that Mr. Persico has filed a notice of interlocutory appeal with respect to this Court's order, dated, May 8, 2012, denying his motion to dismiss Count One on Double Jeopardy grounds. In response, Your Honor stated that this case would proceed as scheduled, citing United States v. Salerno, 868 F.2d 524 (2d Cir. 1989).

      First, please permit us to clarify that Mr. Persico is prepared to proceed to trial as scheduled on June 4, 2012, as to all remaining counts of the Indictment charged against him with the exception of Count One. We do not seek an adjournment of his trial with respect to those outstanding counts. Mr. Persico's interlocutory appeal solely applies to Count One, and Count One alone, as such it is our position that the filing of his interlocutory appeal should not effect the present trial date as to all other counts and all other defendants. For that matter, we submit that the filing of Mr. Perisco's interlocutory appeal does not alter this Court's jurisdiction to try the remaining Racketeering defendants on all counts including Count One, nor to try Mr. Persico on all counts with the exception of Count One.

That said, under the collateral order doctrine, a defendant has the right to file an interlocutory appeal arguing a violation of his Fifth Amendment right against Double Jeopardy. See Abney v. United States, 431 U.S. 651, 660-62 (1977). As with a direct appeal, an interlocutory appeal "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal," and the "district court does not regain jurisdiction until the issuance of the mandate by the clerk of the court of appeals." United States v. Rogers, 101 F.3d 247, 251 (2d Cir. 1996). This Court only has the ability to maintain "dual jurisdiction" during the pendency of an interlocutory appeal if the interlocutory Double Jeopardy appeal is first deemed "frivolous" by this Court or by the Court of Appeals. See Salerno, 868 F.2d at 539; United States v. Montgomery, 262 F.3d 233, 239-40 (4th Cir. 2001).

While Your Honor's May 8, 2012, order denying Mr. Persico's motion to dismiss clearly articulated the grounds upon which relief was denied, Your Honor's order did not make a finding of frivolousness, and we respectfully submit that Your Honor was correct not to make such finding. Indeed, the Second Circuit has made abundantly clear: "The unique importance of criminal appeals makes the decision to characterize one as frivolous particularly perilous." United States v. Davis, 598 F.3d 10, 13 (2d Cir. 2010), citing, United States v. Rosa, 123 F.3d 94, 98 (2d Cir. 1997) ("[W]e have held that the right to appeal serves important interests of both the criminal defendant and of the public at large…").

In Anders v. California, 386 U.S. 738, 744 (1967), the Supreme Court explained that issues are "not frivolous" if "any of the legal points [are] arguable on their merits." In Davis, the Second Circuit elaborated: "An appeal is frivolous when it lacks an arguable basis either in law or in fact. A frivolous action advances inarguable legal conclusions or fanciful factual allegations. **More than a finding that the correct resolution of an appeal seems obvious is required. Easy cases are to be distinguished from inarguable or fanciful ones**." Davis, 598 F.3d at 13 (emphasis added) (internal citations and quotations omitted). Hence, **an appeal is not "frivolous" unless it "amounts to little more than a continued abuse of process" and "is totally lacking in merit, framed with no relevant supporting law, conclusory in nature, and utterly unsupported by the evidence.**" United States v. Potamkin Cadillac Corp., 689 F.2d 379, 381 (2d Cir. 1982) (per curiam) (internal quotation marks and citation omitted); see also Utica Mut. Ins. Co. v. Fireman's Fund Ins. Cos., 748 F.2d 118, 119-20 (2d Cir. 1984) (concluding that although "the district court was clearly correct," "the appeal is not frivolous"); United States v. Gironda, 283 F.2d 911, 912 (2d Cir. 1960) (per curiam) (denying the Government's motion to dismiss appeal as frivolous even though claim on appeal clearly decided correctly); Bobula v. United

States Dep't of Justice, 970 F.2d 854, 862 (Fed. Cir. 1992) (appeal not frivolous despite "clear deficiencies"); United States v. Hodges, 190 Fed.Appx. 221, 222 (4th Cir. 2006) (per curiam) (summary affirmance only appropriate in "extraordinary cases") (internal quotation marks omitted); Legal Servs. of N. Cal., Inc. v. Arnett, 114 F.3d 135, 141 (9th Cir. 1997) (appeal not frivolous despite plaintiffs' knowledge "that their position was unsupported by existing precedent").

Here, since in United States v. Dionisio, 503 F.3d 78, 82 (2d Cir. 2007), the Second Circuit specifically rejected the District Court's conclusion that Double Jeopardy could not result from a prior dismissal after a guilty plea, a conclusion Your Honor observed in your decision (see Memorandum and Order at 14, quoting, Dionisio, 503 F.3d at 79 ["On appeal, however, the Second Circuit declined to endorse the view 'that jeopardy may never attach as a result of a pretrial dismissal with prejudice.'" ]), it cannot be said that there exist no legal points that are arguable on the merits with respect to Mr. Persico's appeal. As such, we respectfully submit that a finding of frivolousness would be contrary to the law.

Furthermore, since no finding of frivolousness was rendered by this Court in Your Honor's May 8, 2012, Order, the filing of the notice of interlocutory appeal has "confer[red] jurisdiction on the court of appeals" over Count One as to Theodore Persico, Jr., and has "divest[ed] the district court of its control over those aspects of the case involved in the appeal." Rogers, 101 F.3d at 251.

We note that in United States v. Basciano, 05 Cr. 060 (NGG) (EDNY), the Hon. Nicholas G. Garaufis, United States District Court Judge for the Eastern District of New York, similarly omitted a finding a frivolousness, and as a result Judge Garaufis ultimately stayed the proceedings pending the resolution of Basciano's Double Jeopardy interlocutory appeal. Further, despite Judge Garaufis's denial of Basciano's Double Jeopardy motion, the Second Circuit Court of Appeals reversed his decision and found the motion to in fact have significant merit. See United States v. Basciano, 599 F.3d 184, 215 (2d Cir. 2010) (concluding that Double Jeopardy required dismissal of racketeering count and holding that "a court properly considers all predicates in identifying the relevant pattern, not simply those charged to a particular defendant").

We further note that at present there exists a separate Double Jeopardy interlocutory appeal that is pending before the Second Circuit Court of Appeals, which raises similar grounds to those raised in Mr. Persico's motion (i.e., reliance on Dionisio to create a Double Jeopardy bar). See United States v. Joseph Corozzo, 12-215-cr (2d Cir.) (presently pending). Notably, in Corozzo, the Hon.

Richard M. Berman, United States District Court Judge for the Southern District of New York, also omitted a finding of frivolousness, and as such the trial was stayed by operation of law after Judge Berman acknowledged that the District Court had lost jurisdiction. Judge Berman then severed Corrozo from his co-defendants and adjourned Corozzo's trial indefinitely pending the resolution of the interlocutory appeal.

Here, again, we do not seek a stay of the entirety of the June 4, 2012, trial. We only seek a stay of Count One, and only as to its prosecution against Mr. Persico. We have no objection to proceeding to trial on June 4th as to all other counts.

Wherefore, we respectfully request a stay of the proceedings solely as to Count One, and solely as applicable to Defendant Theodore Persico, Jr. We remain prepared to proceed to trial on June 4th with respect to all other counts.

Respectfully submitted,

***Elizabeth E. Macedonio***

Elizabeth E. Macedonio
James Neville
*Attorneys for Theodore N. Persico, Jr.*