

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

TM:NMA/RN/AL
F.#2009R00195

*271 Cadman Plaza East*
*Brooklyn, New York  11201*

May 11, 2012

By Hand Delivery and ECF

The Honorable Sandra L. Townes
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

       Re:  United States v. Theodore Persico, Jr.
           Criminal Docket No. 10-147 (S-4)(SLT)

Dear Judge Townes:

      The government respectfully submits this response to the above-named defendant's letter dated May 10, 2012.  (Docket Entry No. 459.)  In that letter, the defendant asked the Court to reconsider its ruling that trial will proceed on June 4, 2012, even though the defendant has filed a notice of appeal as to his recently denied double-jeopardy motion.  The government respectfully submits that the Court should deem the appeal frivolous and affirm its decision to proceed to trial on June 4, 2012.  Alternatively, if the Court does not deem the appeal frivolous, the government respectfully submits that the Court should adjourn the trial as to all defendant and counts, because proceeding otherwise would result in a substantial waste of resources and tremendous inconvenience to the Court, government, jurors and witnesses.

Background

      On February 9, 2012, a grand jury returned an indictment against the defendant and eight co-defendants.  (Fourth Superseding Indictment, Docket Entry No. 376 ("Indictment or Ind.").)  Count One of the Indictment charged the defendant and co-defendants Edward Garofalo, Francis Guerra, Michael Persico ("Persico"), Thomas Petrizzo and Anthony Preza with participating in a racketeering conspiracy.  (Id. ¶¶ 15-89.)  The racketeering acts alleged as part of the racketeering conspiracy include, inter alia, the murder of Joseph Scopo, which is alleged against the defendant, Guerra and Persico; the conspiracy and attempt to extort John Doe #6, which is alleged against the

defendant, Garofalo and Persico; and wire fraud and commercial bribery, which is alleged against the defendant, Persico and Petrizzo. (Id. ¶¶ 24-26, 49-51, 62-67.)

Of the defendants charged in Count One, Petrizzo and Preza have pled guilty (Docket Entry Nos. 422 & 445), and Garofalo is expected to plead guilty. As to the remaining defendants in Count One -- the defendant, Guerra and Persico -- jury selection is scheduled to begin on May 23, 2012, and trial is scheduled to begin on June 4, 2012. (Docket Entries dated Nov. 30, 2011 & April 6, 2012.)

On March 26, 2012, the defendant moved to dismiss Count One on double jeopardy grounds. (Docket Entry No. 403.) On April 16, the government responded, opposing that motion. (Docket Entry No. 426.) On May 8, 2012, the Court denied the defendant's motion. (Docket Entry No. 450.) Later that day, the defendant filed a notice of interlocutory appeal of the Court's decision. (Docket Entry No. 454.) On May 9, 2012, the Court, citing United States v. Salerno, 868 F.2d 524 (2d Cir. 1989), indicated that trial would proceed on June 4, 2012, regardless of the defendant's appeal. On May 11, 2012, the defendant filed a letter asking the Court to reconsider or clarify the decision to proceed to trial on June 4, 2012. (Docket Entry No. 459.)

## Discussion

For the reasons set forth below, the government respectfully submits that the Court should deem the defendant's appeal frivolous and proceed to trial as previously scheduled on June 4, 2012. However, if the Court does not deem the appeal frivolous, the government respectfully submits that the Court should adjourn the trial as to all defendant and counts to conserve judicial resources and in the interest of justice.

I.   The Defendant's Appeal Is Frivolous

   A.   Legal Standard

Ordinarily, a defendant's interlocutory appeal from a denial of a motion to dismiss on the basis of double jeopardy will end the district court's jurisdiction and place jurisdiction in the Court of Appeals. United States v. Rodgers, 101 F.3d 247, 251 (2d Cir. 1996). The Second Circuit has held, however, that:

> The divestiture of jurisdiction rule is [] not a per se rule. It is a judicially crafted rule rooted in the interest of judicial economy, designed to avoid

>confusion or waste of time resulting from having the same issues before two courts at the same time. Hence, its application is guided by concerns of efficiency and is not automatic.

Id. (citations and quotation marks omitted).

In particular, it is well established that "[a] district court may retain jurisdiction and proceed to trial, despite the pendency of a defendant's interlocutory double jeopardy appeal, when the appeal is frivolous." United States v. Millan, 4 F.3d 1038, 1044 (2d Cir 1993). The Second Circuit has held that a "frivolous" double jeopardy appeal is one involving a "high likelihood, in view of the meritless nature of the appeal, that the district court's ruling on double jeopardy would be affirmed." United States v. Salerno, 868 F.2d 524, 540 (2d Cir. 1989).

B. Application

The defendant's appeal is frivolous because there is a high likelihood that the Court's ruling will be affirmed. In issuing its ruling, the Court considered the two questions that both the government and the defendant agreed were operative: (1) whether the defendant "suffered jeopardy with respect to the racketeering conspiracy charged in" an earlier indictment, and (2) "whether that racketeering conspiracy is the same in fact and law as the racketeering conspiracy charged in the instant Indictment." (Order dated May 8, 2012 (Docket Entry No. 450) ("Order") at 9.) The Court's answers to both questions were clearly correct.

Addressing the similarity issue first, the Court noted that its analysis was governed by the five-factor test set forth in United States v. Russotti, 717 F.2d 27, 33 (2d Cir. 1983). (Order at 10.) The Court found that the first four factors favored a finding that the two patterns of racketeering at issue were distinct, because they differed significantly in terms of time period (the first factor), the identities of the defendants (the second factor), the statutory racketeering acts alleged (the third factor) and the nature and scope of the underlying activity (the fourth factor). (Id. at 10-12.) The Court found therefore, that even though the conspiracies both occurred in the Eastern District of New York (the fifth factor), the two conspiracies were not the same in law and fact. Because the Court's findings as to the first four factors were based on the plain, undisputed text of the relevant indictments, there can be no serious dispute

3

as to the Court's conclusion and, therefore, any appeal would be frivolous under Salerno.

Furthermore, the Court also found that the motion failed because jeopardy had not attached -- a separate and independent basis for denying the motion that, like the lack of similarity between the charges, is highly likely to be affirmed on appeal. (Order at 12-18.) In so finding, the Court relied on United States v. Dionisio, 503 F.3d 78 (2d Cir. 2007), which involved a plea agreement and indictment that were, in material respects, identical to those now at issue. (Order at 12-13.) Because the Second Circuit in Dionisio found that jeopardy had not attached as a result of a defendant's guilty plea to racketeering and the government's dismissal of a racketeering conspiracy charge -- and because the Circuit suggested that jeopardy could never attach in such a scenario in federal court -- this Court found that jeopardy had not attached in the defendant's prior case and that his motion to dismiss should be denied. (Order at 13-18.) In finding that jeopardy had not attached, the Court applied clear Second Circuit precedent to facts that closely resemble the facts at issue in the precedent itself. Therefore, the Court's decision as to this issue is highly likely to be affirmed.

Because the Court's decision was based on two separate and independent grounds, and because the decision is highly likely to be affirmed on both grounds, any appeal of that decision would be frivolous. Therefore, the Court may retain jurisdiction of Count One and proceed to trial on all counts. Millan, 4 F.3d at 1044.

II. Alternatively, the Trial Should Be Adjourned as to All Defendants and Counts

If the Court does not deem the defendant's appeal frivolous, the government respectfully submits that the Court should reject the defendant's proposal of staying Count One as to him and proceeding to trial on June 4, 2012, as to all other defendants and, as to him, on all other counts. Instead, the Court should adjourn the trial as to all counts and defendants until the Second Circuit issues a decision as to the defendant's appeal.

As noted above, the defendant is charged with racketeering conspiracy with two other defendants (Persico and Guerra) who are expected to go to trial. A significant part of the trial will involve proving the existence of the charged enterprise, i.e., the Colombo family of organized crime, the

defendants' membership in or association with that enterprise, the enterprise's pattern of racketeering and the agreement among the defendants and others to engage in that pattern of racketeering.

In addition, three of the enumerated racketeering acts are alleged against the defendant and one or both of the other defendants who are expected to go to trial. Significantly, the murder of Joseph Scopo is alleged against all three. Again, a significant part of the trial will involve proving this murder and the defendants' participation in it. The proof will include, <u>inter alia</u>, recorded conversations, documentary evidence, expert testimony and testimony by several cooperating witnesses.

The volume of evidence required to prove the racketeering conspiracy and Scopo murder will be virtually unchanged if the two co-defendants are tried now as to those charges while the charges are stayed as to the defendant. Furthermore, if the defendant is tried later as to the racketeering conspiracy and Scopo murder, without his co-defendants, the proof that will be offered against him will necessarily include all or nearly all of the proof offered earlier against the co-defendants.

In other words, the same trial would be conducted twice, at an enormous cost to the Court, the government, the many witnesses who would testify and the additional jurors who would be empaneled. The government respectfully submits that there would be little or no countervailing benefit to proceeding to trial as the defendant proposes, and certainly no benefit that could outweigh the certain costs and potential risks. As the Supreme Court has observed:

> It would impair both the efficiency and the fairness of the criminal justice system to require . . . that prosecutors bring separate proceedings, presenting the same evidence again and again, requiring victims and witnesses to repeat the inconvenience (and sometimes trauma) of testifying, and randomly favoring the last-tried defendants who have the advantage of knowing the prosecution's case beforehand. Joint trials generally serve the interests of justice by avoiding inconsistent verdicts and enabling more accurate assessment of relative culpability -- advantages which sometimes operate to the defendant's benefit. Even apart from these tactical considerations, joint trials

generally serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts.

Richardson v. Marsh, 481 U.S. 200, 210 (1987); see also United States v. Rucker, 32 F. Supp. 2d 545, 547 (E.D.N.Y. 1999) ("Joint trials . . . limit inconveniences to witnesses, avoid delays in bringing defendants to trial and permit the entire story to be presented to a single jury.") (Glasser, J.). In light of these considerations, a joint trial is appropriate in this case.[1]

---

[1] In the event that the Court does not deem the defendant's appeal frivolous but a co-defendant requests to be severed so that he may proceed to trial on June 4, 2012, that request should be denied. Congress made clear in enacting the Speedy Trial Act that it does not create a right to severance:

> The Senate Report states that the purpose of Section 3161(h)(7) is to make sure that the Act does not alter the present rules on severance of codefendants by forcing the Government to prosecute the first defendant separately or to be subject to a speedy trial dismissal motion under Section 3161. Congress clearly intended that, where appropriate, joint trials of defendants should continue to be available as a means of promoting judicial efficiency by avoiding duplicative proof at successive trials. It thus intended that reasonable speedy trial time be excludable under Section 3161(h)(7) when necessary to enable joint trials to go forward.

United States v. Pena, 793 F.2d 486, 489-90 (2d Cir. 1986) (citations, quotation marks and some brackets omitted; remaining brackets in original). Therefore, the Speedy Trial Act provides that when the speedy trial clock stops for one defendant as a result of a complex case designation or otherwise, it stops for all co-defendants as well. 18 U.S.C. § 3161(h)(7) ("The following periods of time shall be excluded . . . [a] reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted."). See also United States v. Gambino, 784 F. Supp. 129, 138 (S.D.N.Y. 1992) ("delay attributable to one defendant is charged to all co-defendants").

<u>Conclusion</u>

For the reasons set forth above, the defendant's double jeopardy appeal should be deemed frivolous, and the Court should proceed to trial on all counts on June 4, 2012. Alternatively, if the Court does not deem the appeal frivolous, the government respectfully submits that the Court should adjourn the trial as to all defendants and counts until the Second Circuit has ruled on the defendant's appeal.

Respectfully submitted,

LORETTA E. LYNCH
United States Attorney

By:        /s/
    Nicole M. Argentieri
    Rachel J. Nash
    Allon Lifshitz
    Assistant U.S. Attorneys
    (718)254-6232/6072/6164

cc:  Clerk of Court (by ECF)
     Elizabeth Macedonio, Esq. (by ECF)