# THE LAW OFFICE OF ELIZABETH E. MACEDONIO

-------------------------------------------------------- ATTORNEY AT LAW --------------------------------------------------------

42-40 BELL BOULEVARD
SUITE 302
BAYSIDE, NEW YORK 11361

TELEPHONE: (718) 279-3770
FAX: (718) 281-0850
Email: emacedonio@yahoo.com

May 11, 2012

**<u>Filed Electronically</u>**

The Honorable Sandra L. Townes
United States District Court Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: <u>United States v. Persico, et al.</u>
10 Cr. 147 (S-4) (SLT)

Dear Judge Townes:

This letter is written in response to the Government's letter of today (Docket entry No. 460), which opposes our motion for a stay of Count One of the Superseding Indictment due to the pending Double Jeopardy appeal.

The Government's opposition relies upon <u>United States v. Salerno</u>, 868 F.2d 524 (2d Cir. 1989), a case that discusses, <u>inter alia</u>, the limited time a District Court can maintain "duel sovereignty" over a trial while an interlocutory appeal is pending, namely, when that appeal has been deemed "frivolous". However, the Government's reliance on <u>Salerno</u>, not merely for the theory of "duel sovereignty" but also for the definition of "frivolousness", is greatly misplaced.

Citing <u>Salerno</u>, 868 F.2d 524 (2d Cir. 1989), the Government sets forth the following standard deeming it applicable to the instant matter:

> "The Second Circuit has held that a 'frivolous' double jeopardy appeal is one involving a 'high likelihood, in view of the meritless nature of the appeal, that the district court's ruling on double jeopardy would be affirmed.' "

(Gov't letter at 3.)

The Honorable Sandra L. Townes
May 11, 2012
Page 2 of 3

Given the facts in Salerno, asserting that this is the applicable standard is, at best, misleading.  The Double Jeopardy motion raised in Salerno was originally heard on appeal by the Second Circuit before trial, see United States v. Langella, 804 F.2d 185 (2d Cir. 1986), cert. denied, 488 U.S. 982 (1988), and the Second Circuit had in fact issued an order denying the defendants' Double Jeopardy claim before trial began – all that had not occurred was the issuance of the Second Circuit's formal "mandate."  Post-trial, the defendants renewed their Double Jeopardy motion arguing that since the mandate did not issue until after trial began the District Court had proceeded without jurisdiction and as such their resulting convictions were consequently void.  "On the admittedly unusual facts here presented" (i.e., that an interlocutory appeal had been decided prior to trial and that the formal mandate was all that had been pending by the time trial began), the Second Circuit "conclude[d] that the district court had jurisdiction to proceed." Salerno, 868 F.2d at 540.

Clearly, what is strikingly different between Mr. Persico's situation and the defendants in Salerno, is that the Second Circuit had already heard the Double Jeopardy arguments raised in Salerno, rejected them, and affirmed the District Court's decision denying the Double Jeopardy motion, all prior to the start of the defendants' trial.  In Salerno, therefore, the issue raised on appeal was that the District Court did not have jurisdiction to proceed merely because a formal mandate had not been issued when the trial commenced.  Indeed, the defendants' argument was that jurisdiction followed the mandate.  The Court disagreed with such hyper-technical reliance and held that by affirming the District Court's decision, the District Court's jurisdiction had been restored.

Thus, in that very limited and fact specific context, the Court found that the Double Jeopardy appeal was frivolous because the Second Circuit had already ruled on the issue.  Stated differently, as the decision had already been made, there was far more than a "high likelihood" that the District Court's ruling on Double Jeopardy would be affirmed thereby making the Double Jeopardy motions "frivolous."  Indeed, there was an absolute certainty – the Second Circuit had already ruled.  Here, the Second Circuit has yet to rule on Mr. Persico's interlocutory appeal; therefore, the holding in Salerno does not apply to the facts before this Court.

Moreover, the Government entirely ignores the Supreme Court's decision in Anders v. California, 386 U.S. 738, 744 (1967), and the Second Circuit's recent decision in United States v. Davis, 598 F.3d 10, 13 (2d Cir. 2010), where the issue of frivolousness was examined.  In Anders the Supreme Court explained that issues are "not frivolous" if "any of the legal points [are] arguable on their merits." 386 U.S. at 744.  Likewise, in Davis, the Second Circuit elaborated: "An appeal is

The Honorable Sandra L. Townes
May 11, 2012
Page 3 of 3

frivolous when it lacks an arguable basis either in law or in fact. A frivolous action advances inarguable legal conclusions or fanciful factual allegations. More than a finding that the correct resolution of an appeal seems obvious is required. Easy cases are to be distinguished from inarguable or fanciful ones." 598 F.3d at 13 (emphasis added) (internal citations and quotations omitted). Hence, an appeal is not "frivolous" unless it "amounts to little more than a continued abuse of process" and "is totally lacking in merit, framed with no relevant supporting law, conclusory in nature, and utterly unsupported by the evidence."

As Mr. Persico's pending appeal does not meet the standard of frivolousness it cannot legally be declared so. We remain prepared to proceed to trial on June 4th with respect to all other counts.

Respectfully submitted,

*/S/ Elizabeth E. Macedonio*

Elizabeth E. Macedonio
James Neville
*Attorneys for Theodore N. Persico, Jr.*