UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
UNITED STATES OF AMERICA,

        -against-

THEODORE N. PERSICO, JR.,

        Defendant.
--------------------------------------------------------x

**MEMORANDUM AND ORDER**

10-CR-147 (S-4) (SLT)

**TOWNES, United States District Judge:**

      On May 8, 2012, this Court issued a memorandum and order (hereafter, "the May 8 Order") denying a motion by defendant Theodore N. Persico, Jr. ("Defendant") which sought to dismiss Count One of the Fourth Superceding Indictment in this case on double jeopardy grounds. Later that same day, Defendant filed an interlocutory appeal from the May 8 Order. At a conference on May 9, 2012, this Court advised the parties that, notwithstanding the interlocutory appeal, it would start Defendant's trial on June 4, 2012. Relying on *United States v. Salerno*, 868 F.2d 524 (2d Cir. 1989), this Court held that Defendant's interlocutory appeal did not divest this Court of jurisdiction to proceed to trial because that appeal was frivolous.

      By letter dated May 10, 2012, Defendant now moves for "reconsideration and/or clarification" of this Court's May 9, 2012, ruling. Letter to Hon. Sandra L. Townes from Elizabeth E. Macedonio, dated May 10, 2012 ("Defendant's Letter"), at 1. Defendant concedes that this Court can proceed with the trial "during the pendency of an interlocutory appeal if the interlocutory Double Jeopardy appeal is first deemed 'frivolous' by this Court or by the Court of Appeals." *Id*. at 2 (citing *Salerno*, 868 F.2d at 539, and *United States v. Montgomery*, 262 F.3d 233, 239-40 (4th Cir. 2001)). However, Defendant argues, first, that the May 8 Order "did not make a finding of frivolousness" *Id*. To the contrary, Defendant suggests that the Second Circuit decision in *United States v. Dionisio*, 503 F.3d 78, 82 (2d Cir. 2007) – which refused to

hold categorically that jeopardy may never attach as a result of a pretrial dismissal with prejudice – mandates a finding that Defendant's position was arguable and, therefore, not frivolous. Defendant also argues, second, that "since no finding of frivolousness was rendered by this Court in [the May 8 Order] . . . , the filing of the notice of interlocutory appeal has 'confer[red] jurisdiction on the court of appeals' over Count One as to [Defendant] and has 'divest[ed] the district court of its control over those aspects of the case involved in the appeal.'" *Id*. at 3 (quoting *United States v. Rodgers*, 101 F.3d 247, 251 (2d Cir, 1996)).

Contrary to the implication of the second of these two arguments, *Rodgers* did not hold that an interlocutory appeal invariably divests a district court of jurisdiction. To the contrary, *Rodgers* held that the filing of a notice of appeal *generally* "divests the district court of its control over those aspects of the case involved in the appeal," *id*. at 251 (quoting *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)), but that this "divestiture of jurisdiction rule is

. . . not a per se rule." *Id*. The *Rodgers* Court stated:

> It is a judicially crafted rule rooted in the interest of judicial economy, designed to avoid confusion or waste of time resulting from having the same issues before two courts at the same time. Hence, its application is guided by concerns of efficiency and is not automatic.

*Id*. (internal quotations and citations omitted). *Rodgers* then cited to *Salerno* as an example of a case in which the general rule did *not* apply.

In *Salerno*, two defendants moved to dismiss the indictment against them on double jeopardy grounds. That motion was denied by the district court and the defendants took an expedited appeal from that decision to the Second Circuit Court of Appeals. On September 8,

2

1986, the Second Circuit – aware that trial was scheduled to begin that same day – issued an order affirming the district court's decision and stating that a formal opinion would be issued at a later date. *Id.*, 868 F.2d at 539. Although that formal opinion was not issued until October 30, 1986, and the Second Circuit's mandate was not issued until November 18, 1986, the district court commenced the trial as scheduled on September 8, 1986. *Id*. The jury returned its verdict on November 19, 1986 – the day after the mandate issued – finding the defendants guilty. *Id*.

On appeal, the defendants argued that their double jeopardy appeal had not been frivolous, arguing that the Second Circuit had "in effect certified" as much by issuing a formal opinion. *Id*. at 540. However, the Second Circuit rejected this argument. Citing to cases in which nine other Circuit Courts of Appeal had "ruled that a district court may retain jurisdiction to proceed with a trial, despite the pendency of a defendant's interlocutory double jeopardy appeal, where the appeal is found to be frivolous," *id*. at 539, the Second Circuit observed:

> Clearly, in all these cases, (1) no mandate had issued "restoring" jurisdiction to the district court, since trial was allowed to proceed simultaneously with the pendency of the interlocutory appeal, and (2) the trial was allowed to proceed because of the high likelihood, in view of the meritless nature of the appeal, that the district court's ruling on double jeopardy would be affirmed. Here, however, that likelihood hardened into a certitude when this court issued its order on September 8, 1986 affirming the district court's denial of [the defendants'] double jeopardy motion.

*Id*. at 540. Noting that the divestiture of jurisdiction rule was a judge-made rule originally devised in the civil context to avoid confusion or a waste of time, the Second Circuit concluded that "[o]n the admittedly unusual facts . . . presented," the district court had jurisdiction to proceed with the trial on September 8, 1986. *Id*.

Although the parties disagree about the holding in *Salerno*, it is clear that the *Salerno* Court's decision not to apply the divestiture of jurisdiction rule did not turn on whether the

3

underlying motion to dismiss was expressly held to be frivolous. Rather, *Salerno* held that a "frivolous appeal" from a district court order denying a defendant's motion to dismiss based on double jeopardy did not displace the district court's jurisdiction to proceed to trial. *Rodgers*, 101 F.3d at 251 (summarizing the holding of Salerno). Accordingly, this Court's failure to expressly hold in its May 8 Order that Defendant's motion to dismiss was frivolous is of no moment. Instead, the central issue in this case is whether Defendant's pending double jeopardy appeal is frivolous.

The parties in this case disagree as to the standard to be applied in determining frivolity. The government characterizes *Salerno* as holding "that a 'frivolous' double jeopardy appeal is one involving a 'high likelihood, in view of the meritless nature of the appeal, that the district court's ruling on double jeopardy would be affirmed.'" Letter to Hon. Sandra L. Townes from AUSAs Nicole M. Argentieri. Rachel J. Nash, and Allon Lifshitz, dated May 11, 2012, at 3 (quoting *Salerno*, 868 F.2d at 540). In response, Defendant argues that the holding in *Salerno* was limited to its facts – *i.e.*, a case in which the interlocutory appeal had been decided prior to trial. *See* Letter to Hon. Sandra L. Townes from Elizabeth E. Macedonia and James Neville, dated May 11, 2012, at 2. Defendant urges this Court to apply the standard used by the Supreme Court and the Second Circuit in cases involving the dismissal of appeals: namely, whether the appeal has an arguable basis in law or in fact. *Id*. at 2-3 (citing *Anders v. California*, 386 U.S. 738, 744 (1967); *United States v. Davis*, 598 F.3d 10, 13 (2d Cir. 2010)).

While the holding of *Salerno* may be limited to its facts, the implications of that decision are broader. The *Salerno* Court did not expressly adopt the approaches taken by the nine other Circuit Courts of Appeal whose cases it cited. Rather, the Court merely stated that "numerous

circuit courts have ruled that a district court may retain jurisdiction to proceed with a trial, despite the pendency of a defendant's interlocutory double jeopardy appeal, where the appeal is found to be frivolous," *Salerno*, 868 F.3d at 539, and observed that "in all these cases, . . . trial was allowed to proceed because of the high likelihood, in view of the meritless nature of the appeal, that the district court's ruling on double jeopardy would be affirmed." *Id*. at 540. Yet, subsequent Second Circuit panels have read *Salerno* as holding that a "frivolous appeal" from a district court order denying a defendant's motion to dismiss based on double jeopardy does not displace a district court jurisdiction to proceed to trial. *Rodgers*, 101 F.3d at 251. Indeed, even Defendant reads *Salerno* as adopting the rule that a district court can retain jurisdiction to proceed to trial "if the interlocutory Double Jeopardy appeal is . . . 'frivolous.'" Defendant's Letter at 2 (citing *Salerno*, 868 F.2d at 539).

Since even Defendant agrees that *Salerno* endorsed the other circuits' approach in adopting the "frivolous appeal" standard, Defendant's basis for rejecting the "high likelihood" standard is unclear. The *Salerno* Court itself appears to have applied this standard, characterizing the likelihood of affirmance of the district court's double jeopardy decision in that case as having "hardened into a certitude." *Salerno*, 868 F.2d at 540. The *Salerno* Court never made any reference to the "arguable legal basis" standard urged on this Court by Defendant, notwithstanding the fact that the *Anders* standard was well-established by 1989, when *Salerno* was decided.

Accordingly, even if the holding in *Salerno* was limited to its facts, Salerno tacitly endorsed the approach used by its sister circuits. Under that approach, a "high likelihood, in view of the meritless nature of the appeal, that the district court's ruling on double jeopardy

5

would be affirmed" is sufficient to permit trial to proceed simultaneously with the pendency of an interlocutory double jeopardy appeal. In this case, Defendant does not even argue that there is not a high likelihood that this Court's May 8 Order will be affirmed. Accordingly, this Court concludes that it has jurisdiction to proceed with the trial.

Even assuming that this Court were to apply the *Anders* and *Davis* standard advocated by Defendant, it would find that Defendant's interlocutory appeal is frivolous. The Second Circuit has repeatedly found, in a variety of contexts, that an appeal or claim that flies in the face of controlling law lacks an arguable basis in law. *See*, *e.g.*, *Cameron v. Fogarty*, 705 F.2d 676, 678 (2d Cir. 1983) (a *pro se* action is frivolous if "controlling precedent clearly forecloses the pleading"); *In re Hartford Textile Corp.*, 659 F.2d 299, 301-02 (2d Cir. 1981) (imposing sanctions for a frivolous appeal, brought in disregard of controlling provisions of the Bankruptcy Act and the Court's own prior decisions).

As this Court noted in its May 8 Order, Defendant's double jeopardy argument in this case echoed arguments raised in Dionisio's petition for rehearing. While this Court devoted five full pages to explaining why jeopardy did not attach to the racketeering conspiracy charged in the 2005 Indictment, this Court's analysis consisted solely of a painstaking comparison of the facts in this case to the facts in *Dionisio*. Although this Court may not have said it explicitly, this analysis demonstrated that *Dionisio* was so similar as to be controlling of Defendant's motion. Under these circumstances, this Court concludes that *Dionisio* was so controlling of Defendant's motion as to render it frivolous.

6

## *CONCLUSION*

For the reasons set forth above, Defendant's motion for reconsideration of this Court's May 9, 2012, ruling that Defendant's interlocutory appeal was frivolous and, therefore, did not divest this Court of jurisdiction to proceed to trial is denied.

**SO ORDERED.**

/s/
SANDRA L. TOWNES
United States District Judge

Dated: May 14, 2012
Brooklyn, New York