# Gang Land News
Real Stuff about Organized Crime
http://www.ganglandnews.com
capeci@ganglandnews.com

JERRY CAPECI
webmaster

May 25, 2012

Honorable Sandra Townes
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: US v. Guerra et al, Docket #10CR147

Dear Judge Townes:

I am a reporter/columnist who has written numerous articles about this indictment since it was filed on March 3, 2010. The most recent, about a pretrial motion by the federal government regarding tape recorded conversations it wants to play at the upcoming trial of defendants Michael Persico, Theodore Persico Jr. and Francis Guerra, was published yesterday, May 24, 2012. A copy is attached.

As an interested party, I petition you to treat this letter as a "pro-se" motion to order the government to furnish me copies of the plea agreements between the government and defendants Edward Garofalo, Alicia Dimichele, Anthony Preza, Thomas Petrizzo and James Bombino, who have all resolved their cases by pleading guilty to various charges in the case.

Upon information and belief, the plea agreements between the government and all five defendants were marked as court exhibits during the proceedings at which they pleaded guilty.

In numerous cases, the Second Circuit has recognized a motion to intervene as the procedurally proper device for purposes of protecting the public right of access in a criminal proceeding. *See, e.g., United States v. King, 140 F.3d 76, 77 (2d Cir. 1998); United States v. Haller, 837 F.2d 84, 85 (2d Cir. 1988); Herald, 734 F.2d at 96.* Accordingly, I ask that you allow me to intervene for the limited purpose of asserting the public's right of access to the plea agreements between the

1

# Gang Land News

Real Stuff about Organized Crime
http://www.ganglandnews.com
capeci@ganglandnews.com

**JERRY CAPECI**
webmaster

government and each of the five defendants cited above, and that you treat this letter as a "pro-se" motion. I have contemporaneously delivered (via fax or email) a copy of this letter to the government and attorneys for the five defendants.

It is well established in this district, and in federal courts around the country, that except for extraordinary reasons, namely those that involve national security or safety of witnesses or other individuals, the public and the press have a common law right as well as a First Amendment right to all judicial documents, including exhibits, in all criminal cases.

The plea agreement is an important judicial document. In this case, it memorializes the agreement by which the government and the defendants, members and associates of the Colombo crime family, agreed to resolve the charges in their indictment, instead of at a public trial.

I have been unable to obtain copies of any of the plea agreements, which although they are official court exhibits, are maintained by the office of U.S. Attorney Loretta Lynch.

Over the past month, Robert Nardoza, the official spokesperson for the U.S. Attorney's office, has declined to furnish copies of any of the plea agreements to me, stating that he doesn't have them, and has never gotten them from the prosecutors in the case.

The stated refusal of the prosecutors to furnish the agreements to Mr. Nardoza is somewhat surprising, since the prosecutors, most notably Nicole Argentieri, a supervisor in the Organized Crime section, should be well aware of their obligations regarding public access to court documents, specifically plea agreements.

Just last month, following a similar "pro-se" motion that I submitted to Chief Judge Carol Bagley Amon requesting access to plea agreements that were being withheld by the government in US v. Graziano, et al, (Docket # 12CR50), the assistant U.S. attorney in that case, which upon information and belief was being supervised by Argentieri, agreed in a reply to Judge Amon that under common law, the First Amendment, as well as established Second Circuit law, the public

# Gang Land News

Real Stuff about Organized Crime
http://www.ganglandnews.com
capeci@ganglandnews.com

**JERRY CAPECI**
webmaster

has a "general right to inspect and copy public documents, including judicial records." (See attached, document 120, US v. Graziano et al, letter to Judge Amon dated April 20, 2012.)

Following that submission, and a subsequent ruling by Judge Amon, those plea agreements were made public.

For the above reasons, I ask most respectfully that you order the government to make available the plea agreements between the U.S. Attorney's office and the defendants who have already pleaded guilty in this case. In addition, I also ask that you order the government to make plea agreements available if other defendants in this case decide to plead guilty before trial.

Thank you.

Sincerely,

Jerry Capeci

cc Robert Nardoza; AUSA Nicole Argentieri, Rachel Nash, Allon Lifshitz

  Lawyers Joseph Benfante, John Meringolo, Gerald Shargel, Evan Lipton, John Wallenstein, Michael Bachrach, Jean Graziano, Steve Zissou, Karloff Cylton Commissiong

3