

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

NMA/AL
F.#2010R00195

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

May 27, 2014

<u>By Hand and ECF</u>

The Honorable Sandra L. Townes
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: United States v. Theodore Persico, Jr.
     <u>Criminal Docket No. 05-351 (SLT)  </u>

     United States v. Theodore Persico, Jr.
     <u>Criminal Docket No. 10-147 (S-7) (SLT) </u>

     United States v. Theodore Persico, Jr.
     <u>Criminal Docket No. 11-30 (SLT)  </u>

Dear Judge Townes:

  The government respectfully submits this letter in anticipation of sentencing in the above-captioned cases, which is scheduled for May 29, 2014. For the reasons set forth below, the government respectfully asks the Court (1) to impose a term of imprisonment of 120 months based on the conviction in <u>United States v. Persico, Jr.</u>, 10 CR 147 (SLT) ("<u>Persico 2010</u>"); (2) to impose a term of imprisonment of 24 months based on the violation of supervised release in <u>United States v. Persico, Jr.</u>, 05 CR 351 (SLT) ("<u>Persico 2005</u>"); and (3) to order that these terms of imprisonment run consecutively. The government will move, at sentencing, to dismiss the counts charged against the defendant in <u>United States v. Persico, Jr.</u>, 11 CR 30 (SLT) ("<u>Persico 2011</u>").

Background

  On June 8, 2012, the defendant waived indictment and pled guilty in <u>Persico 2010</u> to a Superseding Information charging him with one count of conspiracy to commit the October 23, 1993 murder in aid of racketeering of Joseph Scopo, in violation of 18 U.S.C. § 1959(a)(5). (<u>Persico 2010</u>, Docket Entry Nos. 561-63.) That same day, the defendant pled

guilty to violating the terms of his supervised release in Persico 2005 by participating in loansharking. (Persico 2005, Docket Entry dated June 8, 2012.) In the plea agreement, the defendant agreed not to seek a sentence below 120 months' imprisonment in Persico 2010 and not to seek a sentence below 24 months' imprisonment in Persico 2005, and he further stipulated that these sentences should run consecutively. (Plea Agreement ¶ 2.) The government agreed that, at the time of sentencing, it would move to dismiss the underlying indictments in Persico 2010 and the indictment in Persico 2011. (Id.)

Discussion

The government respectfully submits that a combined sentence of 144 months' imprisonment – consecutive terms of imprisonment of 120 months in Persico 2010 and 24 months in Persico 2005 – are appropriate in light of all relevant sentencing factors.

I.   Legal Standard

The Sentencing Guidelines are advisory, not mandatory. United States v. Booker, 125 S. Ct. 738, 764-65 (2005). However, the Supreme Court held in Booker that the sentencing court must consider the Guidelines when formulating an appropriate sentence. Id. In Gall v. United States, 552 U.S. 38 (2007), the Supreme Court set forth the procedure for sentencing courts to follow in light of Booker:

> [A] district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range. As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark.

Gall, 552 U.S. at 49 (citation omitted). Next, a district court should "consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party. In so doing, [the district court] may not presume that the Guidelines range is reasonable. [The district court] must make an individualized assessment based on the facts presented." Id. at 49-50 (citation and footnote omitted).

II.   The Guidelines Ranges

In the plea agreement, the government estimated that, with respect to Persico 2010, the adjusted offense level is 41 and, because the defendant falls within Criminal History Category VI, the advisory Guidelines range of imprisonment is life. (Plea Agreement ¶ 2.) However, because the maximum statutory term of imprisonment is 120 months, 18 U.S.C. § 1959(a)(5), the effective Guidelines range is 120 months. (Id.) The Probation Department agrees with these calculations, with the exception of the Criminal History Category, which it has determined to be IV, and agrees that the effective Guidelines range is 120 months. (Presentence Investigation Report ("PSR") ¶¶ 65-72, 123.)

2

With respect to the violation of supervised release in Persico 2005, the government estimated that the advisory Guidelines range of imprisonment is 18 to 24 months. (Plea Agreement ¶ 2.) The Probation Department estimates that the range is 8 to 14 months. (Persico 2005, Violation of Supervised Release Report at 6.)

The defendant stipulated to the calculations in the plea agreement and, as noted above, agreed not to seek a sentence below 120 months' imprisonment in Persico 2010 or a sentence below 24 months' imprisonment in Persico 2005, and he further stipulated that these sentences should run consecutively. (Plea Agreement ¶ 2.)

III.   A Combined Sentence of 144 Months Is Appropriate In This Case

The government respectfully submits that, in this case, a combined term of imprisonment of 144 months is appropriate in light of all relevant sentencing factors.

   A.   The Nature and Circumstances of the Offense

The offense of conviction is extremely serious. The defendant pled guilty to conspiring to murder Joseph Scopo. As the Court is aware from the trial of co-defendant Francis Guerra, Scopo was in fact murdered by Guerra and others during a war for control of the Colombo crime family of La Cosa Nostra (the "Colombo family"). Guerra and Anthony Russo, who both participated in the murder, were, at the time, young associates in the Colombo family and, more specifically, were in the defendant's "crew." They participated in the murder at the defendant's direction, which the defendant gave them while he was on furlough from a term of imprisonment so he could attend his grandmother's wake. (PSR ¶ 16.) This murder, committed within the auspices of an organized crime family, supports the requested term of imprisonment.

   B.   The Defendant's History and Characteristics

The defendant has dedicated his entire life to committing crime, as reflected by his position as a powerful captain in the Colombo family.

Indeed, the defendant has a long history of arrests and convictions. In 1980, he was arrested for attempted grand larceny, for which he received a conditional discharge. (PSR ¶¶ 73-74.) In 1981, he was arrested, and subsequently convicted, for possessing illegal prescription drugs, for which he received a two-year term of probation. (Id. ¶¶ 75-76.) In 1982, he was arrested, and subsequently convicted, for attempted grand larceny after he was found in a stolen car and led police on a two-mile car chase, for which he was sentenced to a five-year term of probation. (Id. ¶¶ 77-78.) In 1983, he was arrested for disorderly conduct after he blocked police officers from pursuing a man driving a stolen car, for which he received a conditional discharge. (Id. ¶¶ 79-80.) In 1987, he was arrested in a drug case and, after he was convicted, he was sentenced to a 25-year term of imprisonment for one count of criminal sale of a controlled substance in the second degree and a life term of imprisonment for three counts of criminal sale of a controlled substance in the first degree, as well as a lifetime term of parole; the term of life imprisonment was subsequently reduced to five to

3

fifteen years, and defendant was discharged from parole in 2010. (Id. ¶¶ 81-82.) In 2005, in Persico 2005, the defendant was arrested for racketeering, including loansharking under the auspices of the Colombo family, and, after he was convicted, he was sentenced by Judge Amon to a 42-month term of imprisonment and 36-month term of supervised release. (Id. ¶¶ 83-84.)

In addition, the defendant participated in additional crimes that did not lead to convictions, including witness tampering (id. ¶¶ 23-24, 39-40), embezzlement from union benefit funds (id. ¶¶ 27-30, 40), commercial bribery (id. ¶¶ 31-32), extortions (id. ¶ 40), and, as charged in the indictment in Persico 2011 and the violation in Persico 2005, loansharking (id. ¶¶ 86-87).

Based on these convictions and additional crimes, as well as the defendant's long-time leadership role within the Colombo family, the defendant's history and characteristics support the requested term of imprisonment.

    C.    Reflecting the Seriousness of the Offense, Promoting Respect for the Law and Providing Just Punishment

A sentence within the Guidelines range months is necessary to reflect the seriousness of the offense, to promote respect for the law and to provide just punishment. 18 U.S.C. § 3553(a)(2)(A). As noted above, the offense is extremely serious, not just because it was a murder, but also because it was committed under the auspices of the Colombo family. In addition, it is important in this case to impose a sentence that promotes respect for the law, because the defendant's leadership role in an organization that exists to commit crimes demonstrates that he lacks such respect. For these reasons, it is also important to impose just punishment, which the government submits would be achieved by a combined sentence of 144 months' imprisonment.

    D.    Affording Deterrence and Protecting the Public

A combined sentence of 144 months is also necessary to afford adequate deterrence to criminal conduct and to protect the public from further crimes of the defendant. 18 U.S.C. § 3553(a)(2)(B) & (c). "Under section 3553(a)(2)(B), there are two major considerations: specific and general deterrence." United States v. Davis, No. 08 CR 332 (JBW), 2010 WL 1221709, at *2 (E.D.N.Y. March 29, 2010). Both considerations support the requested sentence. The defendant's lengthy criminal history indicates that specific deterrence – deterrence of the defendant – is critical. In addition, because the defendant is a prominent member of the Colombo family, the sentence imposed on him is likely to be noticed by others in a position to choose between a law-abiding life and a life of crime.

4

Conclusion

    For the reasons set forth above, the government respectfully asks the Court (1) to impose a term of imprisonment of 120 months in Persico 2010; (2) to impose a term of imprisonment of 24 months in Persico 2005; and (3) to order that these terms of imprisonment run consecutively.

                   Respectfully submitted,

                   LORETTA E. LYNCH
                   United States Attorney

          By:    /s/
                   Nicole M. Argentieri
                   Allon Lifshitz
                   Assistant U.S. Attorneys
                   (718) 254-6232/6164

cc:  Clerk of Court (SLT) (by ECF)
    Defense Counsel (by ECF)
    U.S. Probation Officer Frank M. Marcigliano, Jr. (by email)
    Senior U.S. Probation Officer Robert W. Anton (by email)